IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAYLEY MARTORANA, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY, *an Ohio corporation*,<br><br>Defendant. | Case 1:22-cv-10613-DJC |

**DEFENDANT PROGRESSIVE DIRECT INSURANCE COMPANY'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Progressive Direct Insurance Company ("Progressive Direct") respectfully moves this Court to dismiss, in part, Plaintiff Hayley Martorana's Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The grounds for this motion are set forth in Defendant's Memorandum of Law, filed contemporaneously herewith.

Plaintiff obtained automobile insurance from Progressive Direct and filed a claim under her insurance policy (the "Policy") when her vehicle was involved in an accident. Progressive Direct determined that the vehicle was a total loss. Plaintiff alleges that Progressive Direct applied an improper adjustment when calculating the settlement value of her total-loss claim. Specifically, Plaintiff claims that Progressive Direct's application of a Projected Sold Adjustment ("PSA") to comparable vehicles when determining actual cash value results in underpayment and violates Massachusetts law. Based on these allegations, Plaintiff asserts four claims against Progressive Direct.

Progressive Direct moves to dismiss only Counts 1 and 4. Count 1, alleging consumer fraud in violation of Mass. G.L. c. 93A § 9 ("Chapter 93A"), fails to state a claim because the Amended

Complaint does not contain any facts demonstrating that Progressive Direct violated Mass. G.L. c. 176D § 3(9) or the Unfair Claims Settlements Act ("Chapter 176D"), or that Progressive Direct knowingly or intentionally misrepresented or omitted material facts in an effort to deceive Plaintiff or deprive her of the benefits of her insurance policy (the "Policy"). To the contrary, Plaintiff's allegations in the Amended Complaint surrounding the purported fraud mimic her allegations that Progressive Direct breached the Policy when adjusting her claim. A breach of contract, without more, does not rise to the level of "immoral, unethical, oppressive, or unscrupulous" practices encompassed by Chapter 93A. Finally, Plaintiff's allegations do not meet the heightened pleading requirements to assert a claim of fraud under Fed. R. Civ. P. 9(b).

Count 4 seeks a declaratory judgment that it is a breach of Progressive Direct's insurance policies and a violation of law for Progressive Direct to base the valuation and payment of claims on values of comparable vehicles that were reduced by a PSA. But Plaintiff lacks standing to seek a declaratory judgment because she has not—and cannot—allege any facts showing that she is at risk of future injury. Moreover, the declaratory judgment claim should be dismissed because it is duplicative of her breach of contract claim.

For these reasons, and as explained in the accompanying Memorandum of Law, Progressive Direct respectfully asks this Court to dismiss Counts 1 and 4 of the Amended Complaint with prejudice.

Respectfully submitted this 27th day of July, 2022.

        */s/ Justin J. Wolosz*
        Justin J. Wolosz, BBO No. 643543
        **CHOATE, HALL & STEWART LLP**
        Two International Place
        Boston, MA 02110
        Telephone: 617.248.5221
        jwolosz@choate.com

Jeffrey S. Cashdan\*
Zachary A. McEntyre\*
James Matthew Brigman\*
Allison Hill White\*
**KING & SPALDING LLP**
1180 Peachtree St. NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Fax: (404) 572-5100
Email: jcashdan@kslaw.com
Email: zmcentyre@kslaw.com
Email: mbrigman@kslaw.com
Email: awhite@kslaw.com

Julia C. Barrett\*
**KING & SPALDING LLP**
500 W. 2nd Street
Suite 1800
Austin, Texas 78701
Telephone: (512) 457-2000
Fax: (512) 457-2100
Email: jbarrett@kslaw.com

*Counsel for Defendant Progressive Direct Insurance Company*

\*Admitted pro hac vice

## **CERTIFICATION OF COUNSEL**

I, Justin J. Wolosz, certify that in accordance with Local Rule 7.1(a)(2), prior to filing this *PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT*, counsel for the parties conferred and attempted in good faith to resolve or narrow the issue, and that Plaintiff opposes this motion.

*/s/ Justin J. Wolosz*
Justin J. Wolosz, BBO No. 643543

**CERTIFICATE OF SERVICE**

I, Justin J. Wolosz, certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that paper copies will be sent to those indicated as non-registered participants on July 27, 2022.

    */s/ Justin J. Wolosz*
    Justin J. Wolosz, BBO No. 643543